UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Shadha Shareef Abdulrahman,

          Plaintiff,

  v.

Commissioner of Social Security,

          Defendant.

**Decision and Order**

17-CV-1105 HBS
(Consent)

---

## I. INTRODUCTION

  The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). The Court has reviewed the Certified Administrative Record in this case (Dkt. No. 7, pages hereafter cited in brackets), and familiarity is presumed. This case comes before the Court on cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 9, 14.) In short, plaintiff is challenging the final decision of the Commissioner of Social Security (the "Commissioner") that she was not entitled to Supplemental Security Income under Title XVI of the Social Security Act. The Court has deemed the motions submitted on papers under Rule 78(b).

## II. DISCUSSION

  "The scope of review of a disability determination . . . involves two levels of inquiry. We must first decide whether HHS applied the correct legal principles in making the determination. We must then decide whether the determination is supported by substantial evidence." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and citations omitted). When a district court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts, and to inferences and conclusions drawn from the facts. *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994). When reviewing a Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000). In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Briggs v. Callahan*, 139 F.3d 606, 608 (8th Cir. 1998). The Court may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion. *Id.*

For purposes of Social Security disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that the claimed impairments will prevent a return to any previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

2

Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the Administrative Law Judge ("ALJ") must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from continuing past relevant work; and whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry*, *supra*, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry then the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, the ALJ has an affirmative duty to develop the record. *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a plaintiff from performing past work, the ALJ is required to review the plaintiff's residual functional capacity ("RFC") and the physical and mental demands of the work done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). The ALJ must then determine the individual's ability to return to past relevant work given the RFC. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

Of the various issues that plaintiff has raised, the one that draws the Court's immediate attention concerns the Commissioner's basis for the RFC. "While an administrative law judge is free

to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who testified before him." *McBrayer v. Sec'y of Health & Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983) (internal quotation marks and citation omitted); *see also House v. Astrue*, No. 5:11-CV-915 GLS, 2013 WL 422058, at *4 (N.D.N.Y. Feb. 1, 2013) ("[A]lthough the RFC determination is an issue reserved for the commissioner, an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence.") (internal quotation marks and citations omitted); *Goldthrite v. Astrue*, 535 F. Supp. 2d 329, 339 (W.D.N.Y. 2008) ("An ALJ must rely on the medical findings contained within the record and cannot make his own diagnosis without substantial medical evidence to support his opinion."). Here, the record contains clinical notes about deep venous thrombosis. [*E.g.*, 330.] These notes contain no medical source statements. Physical examinations uncovering anemia and some other issues occurred without medical source statements. [*E.g.*, 336–81.] Dr. Donna Miller performed a consultative physical examination on February 11, 2014 and provided a medical source statement [384], but the ALJ gave that statement limited weight [37]. On February 5, 2015, Dr. Rebecca Simons briefly explained to the Erie County Department of Social Services why, in her opinion, plaintiff needed home care for six months. [385.] The ALJ gave this opinion little weight. [38.] On July 31, 2015, Dr. Simons completed a form of largely checkboxes for the New York State Office of Temporary and Disability Assistance. [404–05.] The ALJ assigned little weight to this form. [38.] Lake Shore Behavioral Health has submitted records that address plaintiff's diagnosis of major depression. [*E.g.*, 412–47.] These records contain no medical source statements. The record also contains clinical notes from the Oncology Department of Erie County Medical Center, addressing plaintiff's iron deficiency anemia through the department's

4

Hematology Clinic. [449–550.] These notes also do not contain any medical source statements. In short, the entire record in this case comprises raw clinical notes with no assessments of functional capacity, plus one consultative examination that the ALJ discounted. Nonetheless, the ALJ crafted the following highly detailed RFC, reprinted in its entirety:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a reduced range light work as defined in 20 CFR 416.967(b). Specifically, the claimant can lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently; sit six hours in an eight-hour workday; and stand and/or walk six hours in an eight-hour workday. However, she would be off task for five minutes per hour in addition to customary breaks, in order to alternate between sitting and standing/walking. Further, she can frequently climb stairs or ramps; and occasionally balance, stoop and climb ladders, ropes or scaffolds. She can perform unskilled work with a specific vocational preparation (SVP) level of 1; maintain attention and concentration sufficient for simple, routine, repetitive tasks with customary work breaks; and make simple, routine work-related decisions commensurate with such tasks. The claimant can occasionally interact with coworkers and the public.

[31–32.]

The raw clinical data in this case might turn out to be consistent with an RFC like the one created here. In the absence, however, of any medical source statement assigned controlling weight and containing this level of detail, the Court is forced to conclude that the ALJ made her own medical diagnoses to set up the RFC. The absence of a properly grounded RFC constitutes legal error that requires remand regardless of any underlying raw data. *Cf., e.g., Staggers v. Colvin*, No. 3:14CV00717 SALM, 2015 WL 4751108, at *5 (D. Conn. June 17, 2015) (remand required where physician records contain raw clinical data but no physical functional assessments), *report and recommendation adopted*, No. 3:14-CV-717 JCH, 2015 WL 4751123 (D. Conn. Aug. 11, 2015).

In ordering remand, the Court is concerned principally with making sure that any RFC be sufficiently linked to a credible physical functional assessment from an appropriate source. A second consultative examination might be helpful if it eventually receives controlling weight. *See* 20

5

C.F.R. §§ 416.919a; 416.920b(b)(iii). The Court declines at this time to address any other issues that the parties have raised in their briefing. The Court also takes no position on the ultimate outcome of the RFC assessment or of the overall disability determination.

### III. CONCLUSION

For the above reasons, the Court denies the Commissioner's motion (Dkt. No. 14). The Court grants plaintiff's cross-motion (Dkt. No. 9) in part to vacate the Commissioner's final decision and to remand the matter for further proceedings consistent with this Decision and Order. The Court denies plaintiff's cross-motion to the extent that it seeks any other relief.

The Clerk of the Court is directed to close the case.

SO ORDERED.

__/s Hugh B. Scott_____
Hon. Hugh B. Scott
United States Magistrate Judge

DATED: June 13, 2019